**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| DEANDREA SALVADOR,<br><br>Plaintiff,<br><br>v.<br><br>OMNICOM GROUP INC., et al,<br><br>Defendants. | Case No. 3:25-cv-00628<br><br>**DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**<br><br>**ORAL ARGUMENT REQUESTED** |

Defendants Omnicom Group Inc. ("Omnicom"), DDB Worldwide Communications Group LLC ("DDB"), Whirlpool Corporation ("Whirlpool"), DM9 Comunicacao Ltda, incorrectly identified in the Complaint as DM9DDB ("DM9"), and Whirlpool Do Brasil Ltda. ("Whirlpool Do Brasil," and collectively with Omnicom, DDB, Whirlpool, and DM9, "Defendants") hereby move the Court under Federal Rule of Civil Procedure 12(b)(2) to dismiss Plaintiff Deandrea Salvador's ("Plaintiff") Complaint (the "Complaint") in its entirety as to all Defendants for lack of personal jurisdiction. In the alternative or in addition, Defendants move the Court under Federal Rule of Civil Procedure 12(b)(6) to dismiss the Complaint in its entirety as to all Defendants for failure to state a claim upon which relief can be granted. In support thereof, Defendants state the following:

1. The Complaint fails to make a *prima facie* showing that this Court has personal jurisdiction over any of the Defendants under Rule 12(b)(2) because:

   a. Defendants are not subject to general jurisdiction because none of them are incorporated in North Carolina or have their principal place of business in North Carolina.

b. Defendants are not subject to specific jurisdiction because none of them have purposefully availed themselves of the privilege of doing business in North Carolina and Plaintiff's claims do not relate to any of Defendants' contacts with North Carolina.

2. The Complaint fails to state any claim upon which relief can be granted under Rule 12(b)(6) because:

a. Plaintiff fails to allege facts stating a plausible claim for defamation. Plaintiff has not identified any specific false statements, and fails to allege how any such statements have subjected her to the degree of reputational damage necessary to state an actionable claim.

b. Plaintiff fails to allege facts stating a plausible claim for unfair and deceptive practices under N.C. Gen. Stat. § 75-1.1. Plaintiff fails to allege facts indicating that the video at issue affected North Carolina commerce or consumers.

c. Plaintiff fails to allege facts stating a plausible claim for false advertising, endorsement, and false light under Lanham Act § 43(a), 15.U.S.C. 1125(a). Plaintiff fails to allege that the video at issue was used in domestic commerce or caused any consumer confusion as to her endorsement, or any of the elements of a false advertising claim.

d. Plaintiff fails to allege facts stating a plausible claim for violation of the right of publicity/misappropriation of likeness. Plaintiff fails to allege that her image and likeness holds any commercial value.

e. Plaintiff fails to allege facts stating a plausible claim for intentional infliction

of emotional distress. Plaintiff has not alleged any extreme and outrageous conduct by Defendants or sufficiently alleged that she suffered actionable distress.

f. Plaintiff fails to allege facts stating any claims against Defendants Omnicom, DDB, and Whirlpool, including (i) defamation, (ii) unfair and deceptive practices under N.C. Gen. Stat. § 75-1.1, (iii) false advertising, endorsement and light under Lanham Act § 43(a), 15.U.S.C. 1125(a), (iv) right of publicity/misappropriation of likeness, and (v) intentional infliction of emotional distress. Plaintiff's conclusory allegations regarding parent companies Omnicom, DDB, and Whirlpool are insufficient to hold them directly liable for any of Plaintiff's claims or to justify piercing the corporate veil and holding them responsible for the actions of their subsidiaries.

The grounds for the motion are more fully set forth in Defendants' accompanying memorandum of law.

Dated: November 7, 2025

Respectfully submitted,

*s/ Guy Cohen*__________________
Guy Cohen (admitted *pro hac vice*)
Jacklyn M. Siegel (admitted *pro hac vice*)
Charlotte McCary (admitted *pro hac vice*)
**DAVIS & GILBERT LLP**
1675 Broadway
New York, NY 10019
(212) 468-4800
gcohen@dglaw.com
jsiegel@dglaw.com
cmccary@dglaw.com

*s/ Kyle R. Hair*

Kyle R. Hair
**ALSTON & BIRD LLP**
1120 South Tryon Street, Suite 300
Charlotte, NC 28203
(704) 444-1167
Kyle.Hair@alston.com

*Attorneys for Defendants Omnicom Group Inc., Whirlpool Corporation, DDB Worldwide Communications Group LLC, DM9 Comunicacao Ltda, Whirlpool Do Brasil Ltda*

**CERTIFICATION OF SERVICE**

I hereby certify that a copy of Defendants' foregoing Motion to Dismiss the Complaint was filed electronically. Notice of this filing will be sent by email to counsel for Plaintiff by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*s/ Kyle R. Hair*___________________
Kyle R. Hair