IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DEANDREA SALVADOR,<br><br>Plaintiff,<br><br>v.<br><br>OMNICOM GROUP, INC., WHIRLPOOL CORPORATION, DDB WORLDWIDE COMMUNICATIONS GROUP LLC, DM9DDB, and WHIRLPOOL DO BRASIL LTDA. (CONSUL), et al.,<br><br>Defendants. | Case No. 3:25-cv-00628<br><br>STIPULATED PROTECTIVE ORDER |

This matter is before the Court for entry of a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure by stipulation of Plaintiff DeAndrea Salvador and Defendants Omnicom Group Inc., Whirlpool Corporation, DDB Worldwide Communications Group LLC, DM9 Comunicacao Ltda (referred to in the Complaint as "DM9DDB"), and Whirlpool do Brasil Ltda. (referred to in the Complaint as "Whirlpool do Brasil Ltda. (Consul)") (collectively the "Parties") in the above-captioned action. The Parties have agreed that certain categories of documents and information should receive confidential treatment. To that end, they have agreed to the terms of this Order. The Court finds that good cause exists under Rule 26(c) for entry of this Order. Accordingly, it is ORDERED:

**1.** **<u>Scope</u>**. This Order permits the Parties and any non-parties to designate and disclose documents and information in this case as "CONFIDENTIAL" or

"CONFIDENTIAL—ATTORNEYS' EYES ONLY" in accordance with the procedures set forth below. This Order will govern all Covered Information that a Party or non-party produces or receives in discovery in the Litigation. It does not restrict or otherwise govern a Party's or non-party's use of its own Covered Information. Nor does this Order restrict any Party's non-commercial use or disclosure of information that (a) is or becomes publicly available other than through a violation of this Order; (b) was lawfully in the receiving Party's possession before its production in the Litigation; or (c) is lawfully obtained by the receiving Party independent of discovery in the Litigation. The foregoing exception does not include the use or disclosure of the advertisement and case-study video at issue in the Litigation. Nothing in this Order restricts Plaintiff from speaking publicly about her own experiences, her own name, image, likeness, voice, or presentations (including her 2018 TED Talk), or facts known to her independent of Covered Information.

**2. <u>Definitions.</u>**

a. "Confidential" Information designated as "CONFIDENTIAL" is information that is not in the public domain and that the designating Party or non-party reasonably and in good faith believes, after review, contains (i) trade secrets or other confidential research, development, or commercial information within the meaning of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure; (ii) personal identifying information; or (iii) non-public medical, mental health, tax, or financial information of any individual.

b. “Confidential—Attorneys’ Eyes Only” Information designated as “CONFIDENTIAL—ATTORNEYS’ EYES ONLY” is information that is not in the public domain that the designating Party or non-party reasonably and in good faith believes is so competitively or personally sensitive that its disclosure to another Party could result in significant competitive or commercial disadvantage or other significant harm to the designating Party or non-party or another person, including but not limited to non-public medical or mental health information of any individual, including Plaintiff’s own such information, which Plaintiff may designate CONFIDENTIAL—ATTORNEYS’ EYES ONLY. “Covered Information” means any information—including but not limited to documents, written or oral testimony, and discovery responses—produced or received in the Litigation and designated as CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS’ EYES ONLY information. Documents that are available in the public domain are not Covered Information.

c. “Counsel” means outside counsel of record in the Litigation and their support staff. “Counsel” does not include in-house counsel of any Party, who may review Covered Information only as permitted under Paragraph 4(b)(3).

d. “Litigation” refers to the above-captioned case pending in the Western District of North Carolina, *Salvador v. Omnicom Group, Inc., et al.*, Case No. 3:25-cv-00628 (including all claims and defenses, and including the jurisdictional discovery authorized by the Court’s Orders at Docs. 42 and 56).

e. "Parties" means Plaintiff DeAndrea Salvador and Defendants Omnicom Group Inc., Whirlpool Corporation, DDB Worldwide Communications Group LLC, DM9 Comunicacao Ltda (referred to in the Complaint as "DM9DDB"), and Whirlpool do Brasil Ltda. (referred to in the Complaint as "Whirlpool do Brasil Ltda. (Consul)").

**3. Form and Timing of Designation.**

a. **Documents**. A Party or non-party may designate a document as confidential by stamping the word(s) CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY on each page of the document in a manner which will not interfere with the document's legibility. If a document cannot be stamped on each page and is instead produced in native format, a Party or non-party may designate the document as confidential by (i) stamping the word(s) CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY on a bates-numbered single-page .TIFF or .TIF image stamped "Produced in Native Format" and (ii) marking the native document with a similar notation in a manner that will not interfere with the document's legibility. Documents generally should be designated by the producing Party before, or contemporaneously with, the production or disclosure of the documents.

b. **Deposition or Other Proceeding**. In the case of depositions or other pre-trial testimony, designation of the portion of the transcript (including exhibits) containing Covered Information will be made by a statement to that effect on the record during the proceeding in which the testimony is received. The court

reporter will indicate the portions designated as CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY and segregate them as appropriate.

c. Nothing in this Order restricts a deponent's access to the deponent's own testimony, or a Party's access to the transcript of its own deposition. During a deposition, any witness may be shown Covered Information that the witness authored, received, or is reasonably believed to have prior knowledge of, and any current officer, director, or employee of the designating Party may be shown that Party's Covered Information; such witnesses may not retain copies of Covered Information.

d. **Written Discovery Responses**. Specific discovery responses (including responses and objections to interrogatories, requests for production of documents, and requests for admission) may be designated as confidential by marking the pages of the document that contain such information with the notation CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY. Discovery responses and documents served before entry of this Order without a confidentiality designation, including Defendants' objections and responses to Plaintiff's amended jurisdictional discovery requests, are not Covered Information.

e. **Designation Of Materials Produced By Another Party or Non-Party**. A Party or non-party may designate as CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY materials produced by another Party or a non-party under this Order, but only to the extent such materials contain the designating Party's or non-party's own information qualifying for protection under

Paragraph 2. Consistent with Paragraph 1, no such designation will restrict a Party's use of its own documents or information. Those designations generally should be made within 21 days of receiving the production, to the extent practicable. Any later designation will not be deemed a waiver, in whole or in part, of the right to designate documents as otherwise allowed by this Order, including under the procedures and protections for later designations set forth in Paragraph 3(f). Parties and non-parties will comply with reasonable requests to delay distribution of materials produced until such time as a Party or non-Party can review the production to determine whether a designation is warranted.

f. **Inadvertent or Unintentional Failure to Designate.** Except as provided in Paragraph 3(d), an inadvertent or unintentional failure to designate a discovery response, a document or thing, or testimony as CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY will not be deemed a waiver, in whole or in part, of the right to designate such material as otherwise allowed by this Order. Any such later designation must be made promptly after the producing Party or non-party discovers the omission and must be accompanied by replacement copies bearing the appropriate designation. Nothing in this Order restricts Counsel from discussing with Plaintiff, at or after a deposition, any testimony not designated CONFIDENTIAL—ATTORNEYS' EYES ONLY on the record under Paragraph 3(b), or any exhibit not previously so designated. Disclosure or discussion by a receiving Party or its Counsel of any discovery response, document, thing, or testimony before receipt of a later designation under this Paragraph will not be deemed a violation of

this Order. Upon receipt of the later designation, Counsel for the receiving Party will make reasonable efforts to retrieve all copies of the newly designated material from any person not authorized to receive it under the new designation, and will instruct each such person not to further review, use, or disclose it.

g. **Good-Faith Designations**. Each Party or non-party that designates information under this Order must limit the designation to specific material that qualifies under the appropriate standard. Mass, indiscriminate, or routinized designations are prohibited. If a designating Party or non-party learns that information it designated does not qualify for protection, or for the level of protection asserted, it must promptly notify all Parties that it is withdrawing or modifying the designation.

**4. Protection of Covered Information.**

a. **General Protections**. No Covered Information will be used or disclosed for any purposes whatsoever other than preparing for and conducting the Litigation. This restriction applies to all persons permitted to see Covered Information under this Order. Nothing in this Order prevents disclosure of Covered Information as required by law, or in response to a lawful request from a governmental or regulatory authority, subject to Paragraph 17.

b. **Disclosure of Covered Information**. The Parties, the Parties' Counsel, and all of their respective employees and document services vendors will not disclose or permit the disclosure of any documents or information designated

CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY under the terms of this Order to any other person or entity except as follows:

(1) The following individuals may review CONFIDENTIAL and CONFIDENTIAL—ATTORNEYS' EYES ONLY documents and information without the prior approval of the designating Party and without executing an acknowledgment (in the form set forth at Attachment A) that they have read and understand the terms of this Order and are bound by it:

(a) The Parties' Counsel and all of their respective employees, translators, interpreters, and document services, e-discovery, litigation support, and trial graphics vendors;

(b) The Court, any mediator that the Court orders or the Parties agree to, and their respective staffs;

(c) Court reporters, videographers, and stenographers transcribing a deposition, conference, hearing, or trial; and

(d) Any person who authored, received, or is identified on the face of the document as having previously had access to it, and, as to a designating Party's Covered Information, any current officer, director, or employee of that designating Party.

(2) The following individuals may review CONFIDENTIAL and CONFIDENTIAL—ATTORNEYS' EYES ONLY documents and information without the prior approval of the designating Party but only after executing an acknowledgment (in the form set forth at Attachment A) that they

have read and understand the terms of this Order and are bound by it. All signed acknowledgements of those individuals will be maintained by the Parties' Counsel and will be disclosed to the designating Party's Counsel (i) for testifying experts, at the time of that expert's disclosure under Rule 26(a)(2) of the Federal Rules of Civil Procedure, and (ii) for all other individuals, only upon order of the Court for good cause shown. Subject to those requirements, the following categories of persons may be allowed to review information designated CONFIDENTIAL and CONFIDENTIAL—ATTORNEYS' EYES ONLY under this Order:

(a) Investigators, consultants, or expert witnesses (including forensic, media-authentication, and artificial intelligence experts), and their staff, retained by the Parties or the Parties' Counsel in connection with the Litigation;

(b) Professional jury or trial consultants and mock jurors;

(c) Insurers of a Party, and their counsel, to the extent reasonably necessary to evaluate coverage or settlement, provided that insurers may not review CONFIDENTIAL—ATTORNEYS' EYES ONLY information without the written consent of the designating Party, which shall not be unreasonably withheld; and

(d) Any other persons upon consent of the designating Party or non-party or upon order of the Court.

(3) Subject to the above, the Parties themselves, including any officer or employee of a Party, may review another Party's CONFIDENTIAL documents and information, to the extent reasonably necessary for the

Litigation, after executing an acknowledgment (in the form set forth at Attachment A) that they have read and understand the terms of this Order and are bound by it, except that the Parties' in-house counsel need not execute such an acknowledgement. All signed acknowledgements of those individuals will be maintained by the Parties' Counsel and will be disclosed to the designating Party's Counsel upon request. No Party, nor any officer or employee of a Party, may review another Party's CONFIDENTIAL—ATTORNEYS' EYES ONLY documents and information, except that (a) Plaintiff may review such documents and information in the presence of her Counsel, without retaining any copies, upon seven (7) days' written notice to the designating Party, during which the designating Party may move the Court for an order precluding such review; if such a motion is timely filed, no review will occur until the Court rules; and (b) one designated in-house counsel who has executed an acknowledgment (in the form set forth at Attachment A) from each Party may review such documents and information. Officers and employees of a Party's non-party affiliate (such as Whirlpool S.A.) who are assisting that Party in the Litigation may review another Party's CONFIDENTIAL documents and information only on the same terms as that Party's own officers and employees, and that Party is responsible for their compliance with this Order.

**5.** **Filing of Covered Information**. Any motion, memorandum, document, or other paper filed with the Court is presumptively a public document,

and any decision of the Court regarding whether to allow any filing to be made under seal is subject to Local Rule 6.1 and applicable law. Before filing Covered Information designated by another Party or non-party, the filing Party will, where practicable, ask the designating Party in writing to withdraw the designation or consent to public filing, and the designating Party will respond within three (3) business days. When any documents (including briefs), tangible things, or information designated as or containing CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY material are submitted to the Court in support of or in opposition to a motion, the filing Party will, unless the designating Party consents in writing to public filing, provisionally file the Covered Information under seal pursuant to Local Rule 6.1(b) and this Order, and will serve notice of the filing on the designating Party and file on the public docket a non-confidential description of the sealed material that identifies the designating Party. Where the filing Party is not the designating Party, the designating Party bears the burden of justifying continued sealing and must, within seven (7) days of the filing, file a motion to seal that satisfies Local Rule 6.1(c); if it does not, the filing Party may file the material on the public record. Provisional sealing under this Paragraph is not a determination that sealing is warranted, and if the Court denies a motion to seal in whole or in part, the filing Party may file the affected material on the public record unless the Court orders otherwise. Where the filing Party is the designating Party, it must file a motion to seal in accordance with Local Rule 6.1(c) contemporaneously with the sealed filing. The Parties must then work together in good faith to discuss appropriate redactions for a subsequent public

filing. The non-filing Party will not seek entry of default or otherwise seek a ruling that the filing Party failed to timely file any motion, brief, or exhibit by not filing a redacted copy on the public record at the time the sealed version was filed. Nothing in this Paragraph limits the ability of any Party to otherwise object to the timeliness, relevance, or admissibility of any motion, brief, or exhibit.

**6.** **Challenges to Designation**. Any designation is subject to challenge according to the following procedures:

a. The burden of proving the necessity of a designation remains with the Party or non-party asserting confidentiality.

b. A Party or non-party who contends that documents designated are not entitled to confidential treatment must give written notice to the designating Party or non-party of the specific documents (by Bates number) and specific basis for the challenge. The designating Party or non-party and the challenging Party will meet and confer within fourteen (14) days from service of the written notice to determine whether the dispute can be resolved without judicial intervention. If no resolution is reached, the Party or non-party challenging the designation must, within fourteen (14) days after the meet and confer, move the Court for an order removing the designation, and any papers filed in support of or in opposition to this motion must, to the extent necessary, be filed under seal to preserve the claimed confidentiality of the material unless and until that designation is overruled by the Court. If an order of the Court requires the Parties to request a conference with the Magistrate Judge before filing a disputed discovery motion, the challenging Party or

non-party must make that request within the fourteen (14) day period after the meet-and-confer, and its motion will be timely if filed within seven (7) days after the conference concludes or the request is denied.

c. Notwithstanding any challenge to the designation of documents, all material previously designated CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY must continue to be treated as subject to the full protections of this Order until either (1) the Party or non-party claiming the designation withdraws such designation in writing, or (2) the Court rules that the documents should no longer be designated as CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY.

d. Challenges to the confidentiality of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

**7. Inadvertent Production of Privileged Information or Work Product**. Consistent with Rule 502 of the Federal Rules of Evidence, the inadvertent disclosure of protected communications or information will not constitute a waiver of any privilege or other protection (including work product). Within fourteen (14) days after discovering an inadvertent disclosure, the producing Party or non-party will notify the receiving Party in writing of the inadvertent disclosure and the basis for the claimed privilege or protection, will provide a privilege log entry for each such document within seven (7) days thereafter, and instruct the receiving Party to promptly sequester, return, delete, or destroy all copies of the inadvertently produced

communications or information (including those portions of any work product that reflect the content of such communications or information). Upon receiving such a request from the producing Party or non-party, the receiving Party must promptly sequester, return, delete, or destroy all copies of such inadvertently produced communications or information (including those portions of any work product that reflect the content of such communications or information), and must make no further use of such communications or information (or the portions of work product reflecting them). Nothing in this Order prevents the receiving Party from challenging the propriety of the attorney-client, work product, or other designation of protection. The receiving Party may retain one sequestered copy of the material solely to present it to the Court *in camera* for a determination of the claim, as provided by Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure, and must not otherwise use it while the claim is pending. This Paragraph does not apply to any document that has been used as an exhibit at a deposition or in a filing with the Court without objection by the producing Party or non-party within fourteen (14) days of such use.

**8.** **<u>Artificial Intelligence.</u>** No recipient of Covered Information shall disclose, upload, submit, or input such Covered Information into any artificial intelligence platform, software, tool, or other application, including but not limited to any generative, analytical, or large-language based tool (collectively, "AI"), unless the AI provider is contractually prohibited from: (a) storing or using any such materials to train or improve its model or tool; and (b) disclosing inputs to any third party except where such disclosure is essential to facilitating delivery of the service and, in such

instance, where the third party has agreed and shall be bound by obligations no less protective than those required by this Order. Further, the AI provider must contractually afford the recipient of Covered Information the ability to remove or delete all such Covered Information from the AI upon request. Notwithstanding the foregoing, this Paragraph does not prohibit (i) the use of analytics, technology-assisted review, or other features of an enterprise e-discovery or document-review platform that is contractually bound to maintain the confidentiality of the materials and not to use them to train or improve any model; or (ii) the use by a Party's retained experts or consultants, in a secure environment meeting the requirements of this Paragraph, of forensic, media-authentication, deepfake-detection, voice-comparison, or similar analytical tools to analyze materials produced in the Litigation. In addition, no Party or other person bound by this Order shall input any image, video, audio recording, or other depiction of Plaintiff's likeness or voice produced in discovery into any AI for the purpose of generating, altering, or synthesizing any image, video, audio, or other content, except as permitted by clause (ii) of this Paragraph.

**9. Treatment on Conclusion of Litigation.**

a. **Order Remains in Effect**. The Court will retain continuing jurisdiction after the conclusion of this Litigation, including without limitation during any appeal, to enforce the provisions of this Order, in accordance with its contempt powers and with all other powers provided for in the Federal Rules of Civil Procedure

and the Local Rules of this Court. The ultimate disposition of protected materials is subject to a final order of the Court on the completion of the litigation.

b. **<u>Return of Designated Documents</u>**. Subject to any final order of the Court on the completion of the Litigation, within thirty (30) days after the conclusion of the Litigation, including conclusion of any appeal, all documents treated as CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY under this Order must be returned to the producing Party or non-party unless: (1) the document has been entered as evidence or filed in Court; or (2) the receiving Party opts for destruction in lieu of return, in which case the receiving Party must provide prompt notice of this election and provide a certification that it has destroyed all applicable Covered Information within thirty (30) days after the conclusion of the Litigation. Notwithstanding the above requirements to return or destroy documents, Counsel may retain one archival copy of all pleadings, motion papers, written discovery, transcripts, exhibits, expert reports, correspondence, and attorney work product, even if such materials contain Covered Information, provided that any retained Covered Information remains subject to this Order, and except that Protected Health Information must be returned or destroyed as provided in Paragraph 21. Additionally, the Parties need not destroy backup media so long as the Party has a data destruction policy for the backup media that will result in the overwriting or destruction of that data. Similarly, a Party's Counsel, in-house counsel, experts or consultants retained to assist with the Litigation, and their respective employees or staff, are not required to destroy CONFIDENTIAL or CONFIDENTIAL—

ATTORNEYS' EYES ONLY material contained in their email accounts or document management systems, so long as they otherwise comply with this Order with respect to such retained material.

**10.** **<u>Order Subject to Modification</u>**. This Order is subject to modification on the motion of any Party. The Order will not, however, be modified until the Parties have been given notice and an opportunity to be heard on the proposed modification.

**11.** **<u>No Judicial Determination</u>**. This Order is entered for the purpose of facilitating discovery and protecting confidentiality. Nothing in the Order will be construed or presented as a judicial determination that any specific document or item of information designated as CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY by Counsel is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until a document-specific ruling has been made. Nor will anything in the Order be construed or presented as an admission, concession, or waiver by any Party as to any requests for discovery or responses thereto.

**12.** **<u>Persons Bound</u>**. This Order is effective upon being entered and binds: (1) the Parties; (2) the Parties' Counsel; (3) any non-parties that receive, produce, or designate information in the Litigation; and (4) Counsel for any non-parties that receive, produce, or designate information in the Litigation.

**13.** **<u>Relief from Order</u>**. A Party or non-party needing relief from the provisions of this Order may, if agreement between or among the Parties cannot be reached, seek appropriate relief from the Court upon due notice to all other Parties. This Order is without prejudice to all rights of Parties and non-parties regarding

objections as to discovery and admissibility as set forth in this Court's Local Civil Rules and Federal Rules of Civil Procedure. Each Party specifically reserves the right to object to the use or admissibility of all confidential information disclosed, in accordance with applicable law.

**14.** **Service of Order**. The Parties will serve a copy of this Order simultaneously with any subpoena or other discovery request made to a non-party.

**15.** **Sanctions**. Any Party or other person subject to the obligations of this Order who is determined by the Court to have violated its terms may be subject to sanctions imposed by the Court under Rule 37 of the Federal Rules of Civil Procedure and the Court's inherent power.

**16.** **Inadvertent Disclosure of Covered Information**. If a Party learns that it has disclosed Covered Information to any person or in any circumstance not authorized under this Order, that Party must immediately (a) notify the designating Party or non-party in writing of what was disclosed and to whom; (b) use its best efforts to retrieve all Covered Information that was improperly disclosed, including all copies; (c) inform the person or persons to whom the unauthorized disclosure was made of all the terms of this Order; and (d) request that each such person execute the Acknowledgment and Agreement to Be Bound by Protective Order attached as Attachment A.

**17.** **Covered Information Sought in Other Proceedings**. If a Party is served with a document request, subpoena, court order, or any other request for information (including, but not limited to, requests in litigation, administrative

proceedings, arbitration, or government inquiries) that seeks disclosure of any Covered Information, that Party must: (a) promptly notify in writing the designating Party or non-party, and such notification shall include a copy of the request; (b) promptly notify in writing the person who caused the request to issue that some or all of the material covered by the request is subject to this Order, and such notification shall include a copy of this Order; and (c) cooperate with respect to all reasonable procedures sought to be pursued by the designating Party or non-party whose Covered Information may be affected. If the designating Party or non-party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Litigation as CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY before a determination by the court from which the subpoena or order issued regarding the designating Party's or non-party's motion, unless the Party has obtained the designating Party's or non-party's permission or such production is required by law. The designating Party or non-party shall bear its own expenses of seeking protection in that court of its Covered Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this Litigation to disobey a lawful directive from another court.

**18.** **Additional Parties to the Litigation**. In the event additional parties are joined in the Litigation, they shall not have access to any Covered Information until the newly joined party, by its counsel, has executed and filed with the Court (or served on the Parties) its agreement to be fully bound by this Order.

**19.** **Use at Hearings and Trial**. This Order does not govern the use of Covered Information at trial, which the Parties will address with the Court at or before the final pretrial conference. A Party that intends to present Covered Information at a hearing will provide reasonable advance notice to the designating Party, which may seek appropriate protection from the Court.

**20.** **Foreign Data-Protection Laws**. No Party may withhold, redact, or delay the production of otherwise discoverable information on the basis of any foreign data-protection law without first meeting and conferring with the requesting Party.

**21.** **Protected Health Information**. To the extent any Party seeks or produces "protected health information" as defined in 45 C.F.R. § 160.103 ("Protected Health Information"), including through subpoenas to Plaintiff's health care providers, this Order is intended to be a qualified protective order under 45 C.F.R. § 164.512(e)(1)(v). Protected Health Information will be treated as CONFIDENTIAL—ATTORNEYS' EYES ONLY unless Plaintiff agrees otherwise in writing, may be used or disclosed only for purposes of the Litigation, and must be returned to the producing person or destroyed, including all copies, within thirty (30) days after the conclusion of the Litigation, notwithstanding the archival-copy provision of Paragraph 9(b).

**22.** **Legislative Records**. Plaintiff's production of documents from her official North Carolina Senate email accounts or files does not waive any legislative privilege or immunity and is not a disclosure of those documents to the public, and Plaintiff may designate such documents under Paragraph 2 to the extent they qualify.

**23.** **Effect Pending Entry**. The Parties agree to be bound by the terms of this Order from the date it is signed by counsel for all Parties, pending its entry by the Court, and any material produced before entry will be treated as though this Order had been entered. Any Party that has conditioned production of documents or information on the entry of a protective order will make that production within seven (7) days after counsel for all Parties sign this Order or as soon as reasonably practicable.

IT IS SO ORDERED:

Signed: November 23, 2026

W. Carleton Metcalf
United States Magistrate Judge

## ATTACHMENT A

## ACKNOWLEDGMENT AND AGREEMENT

## TO BE BOUND BY PROTECTIVE ORDER

I, ______________________________ [print or type full name], of ______________________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued in the case of *Salvador v. Omnicom Group, Inc., et al.* in the Western District of North Carolina, Case No. 3:25-cv-00628. I agree to comply with and to be bound by all the terms of the Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Stipulated Protective Order to any person or entity except in strict compliance with the provisions of the Stipulated Protective Order. I further agree to submit to the jurisdiction of the United States District Court for the Western District of North Carolina for the purpose of enforcing the terms of the Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: ______________________________

City and State where sworn and signed: ______________________

Printed name: ______________________

Signature: _________________________